UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLOVIS COSTELL MOSS, JR.,

    Petitioner,

v.                                                                                                Case No: 6:24-cv-1144-JSS-LHP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**<u>ORDER</u>**

    Petitioner, a prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus (Dkt. 1-3) under 28 U.S.C. § 2254. Respondent filed a response to the petition (Dkt. 12), and Petitioner filed a reply to this response (Dkt. 31). A number of motions filed by Petitioner are pending before the court. This order addresses five of them. (Dkts. 29, 38, 41, 42, 43.) Because Petitioner is pro se, the court construes his filings liberally. *See Parrott v. Neway*, 118 F.4th 1357, 1359 (11th Cir. 2024) ("[C]ourts liberally construe pro se litigants' filings . . . ."). Upon consideration, for the reasons outlined below, the court largely denies Petitioner's motions.

    To begin with, Petitioner repeatedly asks the court to conduct an evidentiary hearing in this case. (*E.g.*, Dkt. 38 at 4; Dkt. 41 at 5; Dkt. 42 at 2–3; Dkt. 43 at 3.) However, Petitioner requests an evidentiary hearing in his petition, (*see* Dkt. 1-3 at 15), rendering these additional requests unnecessary and duplicative, and the court denies

them as such. *See Sedlacek v. Ocwen Fin. Corp.*, No. 1:21-cv-04967-WMR, 2023 U.S. Dist. LEXIS 50883, at *14–15 (N.D. Ga. Jan. 12, 2023) (denying a motion that was "largely duplicative of [a] prior motion"). The court will rule on the request for an evidentiary hearing set forth in the petition as the court's calendar permits.

In addition, Petitioner moves to supplement his petition with exhibits he describes as Exhibit B and Exhibit C and with related arguments concerning his theory of actual innocence. (Dkts. 29, 41, 43.) With respect to Exhibit B, Petitioner moves to supplement his petition with the transcript of a witness's testimony, (Dkts. 29, 41; *see* Dkt. 29-1), and Respondent opposes this request, (Dkt. 33). In response, Petitioner generally objects to Respondent's position, (*see* Dkt. 38), moves to strike Respondent's arguments, (*see id.*), and replies to Respondent's opposition, (*see* Dkt. 40). Because the motions to supplement the petition with Exhibit B are fully briefed, the court will consider the arguments related to them, (*see* Dkts. 29, 29-1, 33, 40, 41), when the court rules on the petition. Otherwise, the motions to supplement the petition with Exhibit B (Dkts. 29, 41) are denied. Furthermore, because Petitioner's mere disagreement with Respondent's position is an insufficient basis for objecting or striking, Petitioner's objections are overruled, (*see* Dkt. 38), and his motion to strike is denied, (*see id.*). *See Brasil v. Wolf*, No. 20-cv-24222-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 84656, at *3 (S.D. Fla. May 3, 2021) (overruling a "generalized objection" as a "mere disagreement"); *Tunstall v. Glidewell*, No. 18-00356-KD-B, 2020 U.S. Dist. LEXIS 130993, at *4 n.4 (S.D. Ala. July 21, 2020) (deeming a party's "mere disagreement" with opposing arguments "insufficient to warrant striking" them).

With respect to Exhibit C, Plaintiff moves to supplement his petition with a letter from his prior counsel regarding an audio recording and perhaps with the recording itself as well, (*see* Dkt. 43), and he asks the court to issue a subpoena requiring the prior counsel to present the recording at an evidentiary hearing, (*id.* at 2). Because the court has not yet determined whether an evidentiary hearing is warranted in this case, Petitioner's request that counsel testify at any such hearing is premature. Moreover, as intimated above, the motion fails to identify with clarity the item or items with which Petitioner seeks to supplement his petition. Although he attaches the letter and labels it Exhibit C, (*id.* at 6), it is not clear given the subpoena request whether Petitioner attempts to supplement the petition with the letter alone or also seeks to supplement the petition with the recording. Additionally, unlike with Exhibit B, (*see* Dkt. 29-1 at 3–6), it is not readily apparent from the motion that Exhibit C was part of the record considered by the state court in connection with Petitioner's state direct appeal or post-conviction proceedings. *See Shoop v. Twyford*, 596 U.S. 811, 819 (2022) (explaining that federal habeas review is "limited to the record that was before the state court" (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011))). Petitioner does not disclose whether the letter or recording was part of the state record. (*See* Dkt. 43.) If it was not, Petitioner presents no legal citation or argument to support that the court may consider it under section 2254(d). (*See id.*)[1]

---

[1] Petitioner fails to provide any legal support for his motion to supplement the petition with Exhibit C and thus violates Local Rule 3.01(a), which requires a motion to "include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." M.D. Fla. R. 3.01(a). Although Petitioner proceeds pro se, he remains

Petitioner asserts that Exhibit C is "newly discovered evidence," (*id.* at 1), which implicates section 2244(d)(1)(D) or 2254(e)(2).  Section 2244(d)(1)(D) provides that the one-year limitations period under the Antiterrorism and Effective Death Penalty Act may run, if not from the date on which a petitioner's judgment became final, from the later "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D). Section 2254(e)(2) prevents the court from admitting new evidence—such as holding an evidentiary hearing or otherwise expanding the evidentiary record—unless one of two exceptions applies: (1) the evidence supports a claim that "rel[ies] on a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by" the Supreme Court, or (2) the evidence supports a claim dependent "on 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'"  *Shoop*, 596 U.S. at 819 (quoting 28 U.S.C. § 2254(e)(2)(A)).  As the Supreme Court has explained, "even if a prisoner can satisfy one of those two exceptions, he must also show that the desired evidence would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the charged crime."  *Id.* (quoting 28 U.S.C. § 2254(e)(2)(B)).  Petitioner does not provide any legal argument or explanation to support consideration of the evidence under either section 2244(d)(1)(D) or section 2254(e)(2).

---

"subject to the relevant law and rules of court."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *accord Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("requir[ing] [pro se litigants] to conform to procedural rules").

For all these reasons, the court denies the motion to supplement the petition with Exhibit C. However, this denial is without prejudice. If Petitioner wants to renew his request to supplement the petition with Exhibit C, he must file a new motion that remedies the deficiencies noted in this order and otherwise complies with the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida.

Besides seeking to supplement his petition, Petitioner moves for summary judgment. (Dkt. 42.) Petitioner maintains that he "has proved a prima facie [case] for the record," satisfying "the burden of proof for his factual innocen[ce]," and that his petition "has been pending more than 180 days, which is more than [a] reasonable [amount of] time." (*Id.* at 2–3 (emphasis omitted).) Although the motion does not cite Federal Rule of Civil Procedure 56, it implicitly invokes this rule governing summary judgment.[2] Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Petitioner does not concede that the facts, as found in the state court proceedings, are correct. Indeed, his repeated requests for an evidentiary hearing to establish the fact of his innocence based on allegedly newly discovered evidence preclude a determination that the facts are not in dispute. The court thus denies the motion for summary judgment. *See Sec. & Exch.*

---

[2] Rule 56 generally applies in habeas cases. *McBride v. Sharpe*, 25 F.3d 962, 969 (11th Cir. 1994) (en banc); *see Rodriguez v. Fla. Dep't of Corr.*, 748 F. 3d 1073, 1076 (11th Cir. 2014) (explaining that although the "primary source" of procedural rules in section 2254 proceedings is the Rules Governing Section 2254 Cases in the United States District Courts, the Federal Rules of Civil Procedure may also be applied where they are consistent with these rules).

*Comm'n v. Keener*, 580 F. Supp. 3d 1272, 1281 (S.D. Fla. 2022) ("[W]here the parties disagree as to the facts, summary judgment cannot be entered unless one of the parties meets its burden of demonstrating that 'there is no dispute as to any material facts with the evidence and all inferences drawn therefrom viewed in the light most favorable' to the non-moving party." (quoting *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983))). To the extent that Petitioner seeks to expedite the review of his claims for habeas relief, the court advises Petitioner that it will address his claims as soon as possible. *See Goins v. McNeil*, No. 4:07cv14/RH/EMT, 2008 U.S. Dist. LEXIS 62676, at *3 (N.D. Fla. Aug. 14, 2008) (denying the petitioner's motion to expedite the habeas proceedings because the petitioner "failed to show good cause for expediting th[e] matter").

Accordingly:

1. Petitioner's requests for an evidentiary hearing are **DENIED** as duplicative of the same request contained in the petition, (*see* Dkt. 1-3 at 15).

2. Petitioner's motions to supplement the petition with Exhibit B (Dkts. 29, 41) are **GRANTED only to the extent that** the court will consider the parties' arguments, (*see* Dkts. 29, 29-1, 33, 40, 41), along with the petition (Dkt. 1-3), response (Dkt. 12), and reply (Dkt. 31). These motions are otherwise **DENIED**.

3. Petitioner's objections (Dkt. 38) are **OVERRULED**, and his motion to strike (*id.*) is **DENIED**.

4. Petitioner's motion to supplement the petition with Exhibit C and his related request for a subpoena (Dkt. 43) are **DENIED without prejudice**. If Petitioner still wishes to supplement the petition as set forth in the motion, he must file a new motion that remedies all deficiencies identified in this order and complies with all relevant procedural rules. His deadline for filing the new motion is May 5, 2025.

5. Petitioner's motion for summary judgment (Dkt. 42) is **DENIED**, and the court will rule on the petition (Dkt. 1-3) in the usual course as its calendar allows.

**ORDERED** in Orlando, Florida, on March 28, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record