UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLOVIS COSTELL MOSS, JR.,

    Petitioner,

v.                                                         Case No: 6:24-cv-1144-JSS-LHP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Petitioner, a prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1-3.) He challenges his state court convictions for sexual battery of a child under age twelve and lewd or lascivious molestation of a child under age twelve. (*Id.* at 1.) Respondent has filed a response (Dkt. 12) to the petition, along with the state court record (Dkt. 23-1), and Petitioner has filed a reply (Dkt. 31). As relevant here, Petitioner has also filed a number of motions.

Petitioner moves to supplement the record, (*see* Dkt. 46), and to compel his prior counsel to provide an identified audio recording, (*see* Dkt. 47). Petitioner also moves for summary judgment, (*see* Dkt. 53), to dismiss the motions to compel and to supplement as moot, (*see* Dkt. 54), to rule on the motion to supplement, (*see* Dkt. 55), and to overrule Respondent's objection to the supplemental exhibit, (*see* Dkt. 56). Further, Petitioner moves for this court to enter a final judgment. (Dkts. 44, 57.) As

most of these motions relate to Petitioner's request to supplement the record, the court begins there.

Petitioner seeks to supplement the state court record with a letter from his prior counsel, written in 2020, disclosing the "audio[-]recorded recant testimony, made by the alleged victim in 2017, two years after trial." (Dkt. 46 at 3.) Petitioner also seeks to supplement the record with the audio recording itself, (*see id.*), and moves to compel his prior counsel to provide the audio file, (*see* Dkt. 47). Petitioner contends that these materials constitute newly discovered evidence supporting his claim of manifest injustice. (*See id.*) Respondent objects that because Petitioner's state post-conviction counsel is not a party to this proceeding and no longer represents Petitioner, an order "compelling him to act in this case would be improper." (Dkt. 50 at 1.) Respondent also notes that the recording "was provided to [the] prior counsel by Petitioner's family, [and] as such, his family already has a copy of the recording." (*Id.*) Further, Respondent argues, Petitioner's "post-conviction counsel already provided the audio recording to the state court at Petitioner's behest, and it was docketed by the clerk as item 330 on December 15, 2020." (*Id.*) Respondent provides a copy of the audio recording along with the response, (*see* Dkt. 50 at 2; Dkt. 51), but "objects to [the audio recording] being considered as evidence of anything for the same reasons found by the trial court and argued in the [r]esponse to the [p]etition," (Dkt. 50 at 2).

"[R]eview under [section] 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Therefore, the court is limited to reviewing only "the record in existence

at that same time"—that is, "the record before the state court." *Id.* at 182. As Respondent concedes that the audio recording was considered by the state post-conviction court and docketed as part of the record, the court grants the motion to supplement (Dkt. 46) to the extent that the recording is a part of the record, and the court will consider it along with the parties' arguments in the petition, response, and reply.

As for the motion for summary judgment (Dkt. 53), the court previously denied another motion for summary judgment from Petitioner in this case (Dkt. 42) because he "does not concede that the facts, as found in the state court proceedings, are correct" and because "his repeated requests for an evidentiary hearing to establish the fact of his innocence based on allegedly newly discovered evidence preclude a determination that the facts are not in dispute." (Dkt. 45 at 5–6 (citing *Sec. & Exch. Comm'n v. Keener*, 580 F. Supp. 3d 1272, 1281 (S.D. Fla. 2022)).) The instant motion does not provide a basis for reconsideration of the court's prior order. (*See* Dkt. 53.) As such, the motion is due to be denied. Additionally, the court admonishes Petitioner that in the Eleventh Circuit, "successive motions for summary judgment are disfavored." *Tibbets Lumber Co., LLC v. Amerisure Ins. Co.*, No. 8:19-cv-1275-KKM-AAS, 2021 WL 1087223, at *1, 2021 U.S. Dist. LEXIS 53246, at *3 (M.D. Fla. Mar. 22, 2021).

Accordingly:

1. Petitioner's motion (Dkt. 54) to dismiss his motions to supplement (Dkt. 46) and to compel (Dkt. 47) as moot is **GRANTED in part and DENIED in part**.

2. The motion to supplement (Dkt. 46) is **DENIED as moot** as to the letter from counsel. However, the motion is **GRANTED to the extent that** the audio recording, (*see* Dkt. 51), is a part of the record and the court will consider it along with the parties' arguments in the petition, response, and reply.

3. The motion to compel (Dkt. 47) is **DENIED as moot**. As Respondent has provided the audio recording, there is no need to obtain it from counsel.

4. The motion to rule and permit the supplement (Dkt. 55) is **GRANTED to the extent that** the court enters this order.

5. The motion (Dkt. 56) to overrule Respondent's objection to consideration of the audio recording is **DENIED as premature**. The court declines to decide the issue at this time and will, instead, consider the audio recording in connection with the parties' related arguments in the petition, response, and reply.

6. The motion for summary judgment (Dkt. 53) is **DENIED**.

7. The motions related to entry of a final judgment (Dkts. 44, 57) are **DENIED**.[1] The petition will be considered and a final order entered as the court's calendar permits.[2]

---

[1] To the extent that Petitioner seeks a final judgment under 28 U.S.C. § 2266, (*see* Dkt. 57 at 1), that statute applies only to a petition for writ of habeas corpus filed by a prisoner in state custody who is subject to a capital sentence, which Petitioner is not. (*See* Dkt. 1-3 at 1; Dkt. 23-1 at 434–35 (imposing a life sentence on Petitioner as to one count and sentencing him to twenty-five years of imprisonment as to the other count).)

[2] The court notes that Petitioner requests an evidentiary hearing and the granting of his petition, a new trial, or emergency release. (Dkt. 57 at 2.) The court has not yet determined the merits of the petition or decided if an evidentiary hearing is warranted, and Petitioner's motions do not demonstrate the existence of an emergency.

**ORDERED** in Orlando, Florida, on August 20, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record